# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:16-CV-00115-LLK

DANIEL FORD                                                                                              PLAINTIFF

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets 19 and 24, and the case is ripe for determination.

The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. Docket 14.

Due to a lack of evidence of improvement in Plaintiff's medical condition supporting departure from the prior administrative law judge's (ALJ's) finding that Plaintiff can only occasionally push and pull with the bilateral lower extremities, the current ALJ's decision did not comport with applicable legal standards (*Drummond v. Comm'r*). Therefore, the Court will REMAND this matter to the Commissioner for a new decision.

### *Drummond v. Comm'r*

*Drummond v. Comm'r*, 126 F.3d 837 (6th Cir. 1997) held that the administrative law judge (ALJ) erred in finding that Drummond had a residual functional capacity (RFC) for medium work in light of the prior ALJ's finding that Drummond had an RFC for sedentary work. The error was due to a lack of evidence of improvement in Drummond's medical condition.

1

*Drummond* was based on principles of fairness (to protect claimants from arbitrary re-adjudications of RFCs in subsequent claims) and administrative res judicata. "Just as a social security claimant is barred from relitigating an issue that has been previously determined, so is the Commissioner." *Id.* at 842.

In adopting Acquiescence Ruling 98-4(6), 1998 WL 283902, the Social Security Administration recognized the applicability of *Drummond* in cases arising within the Sixth Circuit:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

Read together, *Drummond* and Acquiescence Ruling 98-4(6) establish that an ALJ is bound by the prior ALJ's RFC finding unless there is new and material evidence of a change (improvement) in the claimant's medical condition or a relevant change in the law.

**A *Drummond* error occurred.**

On May 3, 2010, while working as a deckhand on a barge, a cable broke and struck Plaintiff in the left leg. This resulted in a transverse fracture within the mid-femoral shaft, with some degree of comminution. The injury required multiple corrective surgeries. Administrative Record (AR), p. 73.

The prior ALJ found that Plaintiff was disabled from May 3, 2010, through November 13, 2012, but that, as of November 14, 2012, he had recovered sufficiently to perform a significant number of light jobs in the national economy (office cleaner, laundry worker, doorkeeper/greeter). AR, p. 79.

The prior ALJ found that (beginning on November 14, 2012) Plaintiff is limited to only occasional pushing/pulling with the bilateral lower extremities, in part, due to a bulging disc at L5-S1 with possible left-sided neural foraminal encroachment and likely impingement of the left S1 nerve root. AR, p. 73.

The current ALJ identified no evidence that this medical condition had improved such that Plaintiff can now perform work requiring more than occasional pushing/pulling with the bilateral lower extremities.

The current ALJ's decision cited the negative April 2013 examination findings of Michael Meade, M.D., in support of a conclusion that Plaintiff no longer requires the postural limitations identified by the prior ALJ (i.e., Plaintiff is no longer limited to occasional stooping, kneeling, crouching, and crawling). See current ALJ's decision at AR, p. 10 referring to Dr. Meade's findings at AR, pp. 313-317. According to the ALJ, "[t]he claimant's comfort with sitting and standing, in addition to his normal range of motion,[1] supports the functional capacity finding of no postural limitations, as opposed to the previous ALJ decision that found postural limitations." AR, p. 15.

While normal range of motion and comfort with sitting and standing may provide a basis for discounting the prior RFC finding of postural limitations, they do not address the prior finding of limitation in ability to push/pull with the bilateral lower extremities. Dr. Meade did not perform any test or record any observation supporting a departure from the prior finding. On the contrary, Dr. Meade found that:

> The patient has low back pain most likely related to degenerative disc disease although the patient does have some radiation, numbness, and tingling into the left lower extremity, surgical intervention most likely will not be of benefit at this time. Considering he does have lower extremity involvement, I recommend evaluation by a spine surgeon in order to establish a baseline in case the patient's condition deteriorates.

(AR, p. 315).

An MRI from February 2014 showed: "L5-S1: Central local subligamentous disc herniation. This finding was not present on a previous MRI." AR, p. 373.[2]

---

[1] In fact, Dr. Meade found some variation from normal range of motion. Plaintiff's cervical spine extension was 60 degrees out of 75 degrees (normal), lumbar spine flexion was 45 degrees out of 90 degrees, and left knee flexion was 135 degrees out of 150 degrees. AR, pp. 314-317.

[2] In determining that Plaintiff is limited to occasional pushing/pulling with the lower extremities, the prior ALJ considered the November 2012 findings of Hongbo Liu, M.D. See prior ALJ's decision at AR, pp. 76-78. To the

There is a lack of new and material evidence supporting departure from the prior ALJ's finding that Plaintiff can only occasionally push/pull with the bilateral lower extremities due to a low back impairment with radicular symptoms. This constituted a *Drummond* error.

**Any additional *Drummond* error was harmless.**

Some *Drummond* errors are harmless. There are three basic categories of harmless *Drummond* errors.

First, even if the ALJ did not identify new and material evidence of a change warranting departure from the prior RFC, the error was harmless if the current RFC was more claimant-favorable than the prior one. *See Washington v. Comm'r*, No. 3:13-cv-00785, WL 975349, at *11 (M.D. Tenn. Mar. 14, 2017) ("Where an ALJ in a subsequent decision renders an RFC finding that is more restrictive than the ALJ in a prior decision, the claimant has no cause for remand even if the subsequent ALJ failed to properly apply the preclusive effect of the earlier decision, because any error works to the claimant's benefit"); *Clayton v. Comm'r*, No. 2:15-cv-12249, WL 5402963, at *3 (E.D. Mich. Sept. 28, 2016) ("[W]here a later [RFC] is more restrictive than the prior RFC, a Plaintiff is unable to demonstrate the prejudice or harm necessary to achieve a remand"); *Castrovinci v. Comm'r*, No. 1:10CV2650, WL 928736, at *7 (N.D. Ohio Mar. 19, 2012) ("[T]he ALJ in the instant case actually found Plaintiff more limited exertionally than the ALJ in the prior case due to additional impairments, which differentiates this case from Drummond"); *Whitaker v. Comm'r*, No. 08-120-HRW, WL 2235999, at *3 (E.D. Ky. July 27, 2009) ("The Court is somewhat perplexed by Plaintiff's contention as the ALJ in this case found a more restrictive RFC than that of the 2005 decision. … The Court finds no violation of Drummond").

Second, although the current RFC may appear to be less claimant-favorable, in fact, it may be substantially the same as the prior one in light of the definitions in the Social Security Rulings (SSRs) and

---

extent the current ALJ relied on Dr. Liu's findings in support of a finding of medical improvement related to Plaintiff's ability to push/pull with the lower extremities, the reliance was unpersuasive. *See Rudd v. Comm'r*, 531 F. App'x 719, 726 (6th Cir. 2013) (In determining whether there was a *Drummond* error, the "focus is on the evidence since the prior ALJ's decision").

other sources – resulting in a harmless *Drummond* error. *See Hill v. Comm'r*, No. 1:13-cv-90, WL 6119326, at *3 (S.D. Ohio Nov. 21, 2013) ([SSR] 83-10 defines "sedentary" work as requiring sitting for a total of 6 hours per 8-hour workday and entailing no significant stooping. Therefore, "[g]iven [the ALJ's] determination that Plaintiff is limited to a restricted range of sedentary jobs, the slight variation from the prior RFC (i.e., eliminating a requirement that Plaintiff stand and/or walk for no more than 2 hours in a day, and eliminating stooping and crouching restrictions), could be deemed harmless"); *Yates v. Comm'r*, No. 3:14cv00132, WL 2338097, at *8 (S.D. Ohio May 13, 2015) ("[The ALJ's] assessment of Plaintiff's [RFC] reasonably precluded climbing ladders and scaffolds [as found by the prior ALJ] by precluding 'hazards such as unprotected heights'" and precluded "complex, detailed, and written instructions" by limiting Plaintiff to "simple tasks").

Third, a *Drummond* error may be harmless in light of the vocational testimony and the requirements of jobs as described in the Dictionary of Occupational Titles (DOT). If the current RFC is less claimant-favorable but the jobs relied on by the current ALJ in support of his/her finding of lack of disability do not require the additional capacity, any error was harmless. *See Branham v. Comm'r*, No. 07-158-GWU, WL 2325197, at *5 (E.D. Ky. June 4, 2008) ("[T]hese more severe mental restrictions were presented to [the] Vocational Expert [who] identified a significant number of jobs which could be performed. Therefore, any error by the ALJ in not adopting the earlier mental restrictions would appear harmless"); *Barker v. Comm'r*, No. 5:09-CV-1171, WL 2710520, at *6 (N.D. Ohio July 7, 2010) ("[A]ny error with respect to this [fact that the prior RFC limited Plaintiff to no interaction with the public] is harmless because the VE testified that the three jobs he identified … required no interaction with the public"); *Yates v. Comm'r*, No. 3:14cv00132, WL 2338097, at *8 (S.D. Ohio May 13, 2015) ("Plaintiff has also not demonstrated that the exclusion of crawling or climbing could have plausibly changed the decision. To the contrary, the [DOT] specifies that the jobs identified by the vocational expert … require

5

no crawling or climbing. Consequently, even if [the ALJ] should have included no crawling or climbing, such error was harmless").

**From a harmless-error viewpoint, the RFCs in this case differed only with respect to Plaintiff's ability to push/pull with the bilateral lower extremities.**

The prior ALJ found that Plaintiff has the following RFC:

> After careful consideration of the entire record, the undersigned finds that, as of November 14, 2012, the claimant has had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that he should only occasionally push and pull with the bilateral lower extremities. He can occasionally climb ramps and stairs, but should never climb ladders, ropes, and scaffolds. He can occasionally stoop, kneel, crouch, and crawl. He should avoid all exposure to hazardous machinery and heights. Further, due to problems with reading, the claimant would require oral instructions.

(Prior ALJ's decision, AR, p. 77).

The current ALJ found that Plaintiff has the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) where the claimant lifts or carries 20 pounds occasionally and 10 pounds frequently, stands or walks for six of eight hours during the workday, and sits for six of eight hours during the workday. The claimant's work is limited to simple, unskilled (SVP 1 or 2) work.

(Current ALJ's decision, AR, p. 14).

All of the limitations identified in the first sentence of the current ALJ's RFC findings, above, are simply part of the definition of "light" work. *See* SSR 83-10, 1983 WL 31251. In other words, the current ALJ found that Plaintiff can perform the full range of light work (minus the postural and other limitations found by the prior ALJ) and has the mental limitations described in the second sentence.

For the reasons explained below, from a harmless-error perspective, the only significant difference between the RFCs is that the current ALJ departed from the prior ALJ's finding that Plaintiff can only occasionally push/pull with the bilateral lower extremities.

The current ALJ found that Plaintiff is not disabled because he retains the ability to perform his past relevant work as a wire preparation machine tender and other jobs that exist in significant numbers

6

in the national economy. AR, pp. 19-20. Specifically, Plaintiff can perform the jobs of assembler (DOT 706.684-022, 1991 WL 679050), sorter (DOT 222.687-022, 1991 WL 672133), and hand packer (DOT 559.687-074, 1991 WL 683797). *Id.*

The vocational expert testified that an individual can perform these jobs (assuming he has some assistance in completing the job applications) without being able to read or write. AR, pp. 57-58. According to SSR 96-9p, 1996 WL 374185, "the ability to hear and understand simple oral instructions" is sufficient to perform unskilled work. Therefore, in light of the vocational testimony and SSR 96-9p, there is no significant difference between the prior ALJ's finding that Plaintiff "would require oral instructions" and the current ALJ's finding that he is "limited to … unskilled … work."

According to the DOT, the jobs of assembler, sorter, and hand packer require no climbing, kneeling, crouching, or crawling and do not involve exposure to hazardous machinery and heights (i.e., moving mechanical parts, electric shock, high exposed places, radiation, explosives, toxic caustic chemicals, or other environmental conditions). The assembler and sorter jobs require no stooping, and the hand packer job requires only occasional stooping.

The administrative record contains no evidence indicating whether Plaintiff's past relevant work as a wire preparation machine tender and the jobs of assembler, sorter, and hand packer require more than occasional pushing/pulling with the bilateral lower extremities.

The only reversible *Drummond* error, therefore, concerned Plaintiff's ability to push/pull with the bilateral lower extremities.

**Plaintiff has failed to prove that his intellectual disorder satisfies Listing § 12.05**

IQ testing in April 2011 indicated that Plaintiff has a full-scale IQ of 69. AR, p. 376.

Plaintiff is entitled to a conclusive presumption of disability if, among other things, he has a full-scale IQ score of 70 or below, significant deficits in adaptive functioning, and evidence that the low IQ

7

score and deficits in adaptive functioning "began prior to … attainment of age 22." Listing § 12.05(B)(3), Appendix 1 of the regulations.

The ALJ found that "there were no school records or other evidence that confirm a diagnosis of [borderline intellectual functioning] or intellectual disability, or a low I.Q. prior to [when] the claimant turned 22 years old." ALJ's decision, AR, p. 13. While Plaintiff does not dispute this finding, he argues that "[i]t must be kept in mind that the claimant was unrepresented at the hearing before the ALJ. The ALJ has a responsibility to obtain relevant evidence when evaluating the claim of an unrepresented claimant. The ALJ failed to do this." Docket 19, p. 4. The Commissioner insists that – whether he represented himself or not – the burden of proof was on Plaintiff to show that he satisfied the Listing. Docket 24, p. 5.

The Court need not resolve this dispute because a remand is required for independent reasons (*Drummond*). There is no legitimate why, upon remand, Plaintiff (who is now represented by counsel) should not be afforded an opportunity to obtain his school records in support of a claim that he is disabled pursuant to Listing § 12.05.

**Conclusions**

Because the Commissioner's final decision did not comport with applicable legal standards (*Drummond*), a remand is required for a new decision.[3]

Therefore, this matter is REMANDED to the Commissioner for a new decision and further administrative proceedings deemed necessary and appropriate by the Commissioner.

---

[3] The evidence is insufficient to support a judicial award of benefits because, even if Plaintiff can only occasionally push/pull with the lower extremities, the prior ALJ identified a significant number of jobs in the national economy consistent with that finding. AR, p. 79.